

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | <u>I N F O R M A T I O N</u> |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **1:09 CR 316** |
| v. | ) | CR. NO. _____ |
| | ) | Title 29, Section 501(c) |
| MICHAEL P. KELLY, | ) | United States Code |
| | ) | |
| Defendant. | ) | **JUDGE WELLS** |

The United States Attorney charges:

1. At all times relevant to this Information, the United Transportation Union, Local 586 ("UTU Local 586" or "local union"), was a labor organization engaged in an industry affecting commerce, within the meaning of Sections 402(i) and (j) of Title 29, United States Code. The members of the local union were employed at CSX Transportation, Inc., at locations in northeast Ohio, including Crestline, Ohio, where the defendant worked and resided.

2. At all times relevant to this Information, the defendant, MICHAEL P. KELLY was the Secretary-Treasurer of UTU Local 586. In that position, he was entrusted with the

- 2 -

responsibility for maintaining the integrity of the funds belonging to the local union. The defendant was responsible for maintaining all of the local union's financial records, including the check book for the union's one checking account, which required the dual signatures of the defendant, as the local union's secretary-treasurer, and also the local union president, on each check. The defendant maintained the local union's financial records, including the checking account, and carried out most of his duties as Secretary-Treasurer from his home in Crestline.

3. During the time period stated below, the defendant mis-used his position as Secretary-Treasurer of UTU Local 586 to obtain $97,970.71 of the local union's funds to which he was not entitled. The defendant obtained the funds by: (a) issuing numerous checks payable to himself recorded as "salary and expenses" payments on union records, that he knew were either totally unauthorized or in amounts substantially beyond his authorized salary and expense reimbursements; (b) issuing or causing numerous other checks to be issued payable to him, and in one case making an automated withdrawal from the account, that he knew were totally unauthorized; and (c) in a few instances issuing checks to a family member or third party on behalf of a family member, that he knew were unauthorized. The defendant received the personal benefit of these unauthorized payments either directly by negotiating the checks personally, or indirectly by allowing family members to negotiate the checks and/or use the proceeds of the checks.

4. To make and conceal these unauthorized expenditures, the defendant used various devices, including: (a) forging the signature of the local union president on most of the checks; (b) issuing and negotiating some checks containing only his signature as maker; (c) falsely

- 3 -

recording the payee's name on the local union's disbursement control ledger for some checks; and (d) allowing family members to make and forge his name as signer on some of the checks.

5. From in or about January 2004, through in or about November 2006, in the Northern District of Ohio, Eastern Division, the defendant, MICHAEL P. KELLY, while an officer, that is, Secretary-Treasurer of UTU Local 586, did embezzle, steal and unlawfully and willfully abstract and convert to his own use and the use of another the moneys, funds, and assets of said labor organization in the approximate amount of $97,970.71.

In violation of Title 29, United States Code, Section 501(c).

*William J. Edwards*

WILLIAM J. EDWARDS
United States Attorney